FILED
John E. Triplett, Acting Clerk
United States District Court

By STaylor at 2:05 pm, Jan 22, 2021

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

KORNEAL TOLLIVER,

        Plaintiff,

    v.

LINDA GETER, et al.,

        Defendants.

CIVIL ACTION NO.: 2:20-cv-139

## <u>ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

This matter comes before the Court on Plaintiff's failure to comply with the Court's Order and Local Rules. Doc. 3; Local R. 11.1. For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, as amended, docs. 1, 4, for failure to follow this Court's Order and Local Rule and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.[1] I **DENY as moot** Plaintiff's Motions for Leave to Proceed *in Forma Pauperis* in this Court. Docs. 2, 5.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." <u>Tazoe v. Airbus S.A.S.</u>, 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. <u>See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349</u>, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); <u>Anderson v. Dunbar Armored, Inc.</u>, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; <u>see also</u> <u>Glover v. Williams</u>, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation

## BACKGROUND

Plaintiff, proceeding pro se, filed a 42 U.S.C. § 1983 Complaint, two motions for leave to proceed *in forma pauperis*, and an Amended Complaint.  Docs. 1, 2, 4, 5.  In its Order deferring ruling on Plaintiff's *in forma pauperis* status,[2] the Court advised Plaintiff he was to immediately inform the Court in writing of any change in his address and warned Plaintiff his failure to do so may result in the dismissal of his case.[3]  Doc. 3 at 2.  In addition, this Court's Local Rule 11.1 requires all pro se litigants to notify the Court of any change in address.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Order and Local Rules.  For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint and **DENY** Plaintiff leave to appeal *in forma pauperis*.

---

constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

[2]     At the time the Court's Order was filed, doc. 3, Plaintiff's second Motion for Leave to Proceed *in Forma Pauperis* and Amended Complaint had not yet been placed on this Court's docket, docs. 4, 5.  Plaintiff's second Motion also is not on the Court's preferred form, so the Order would be equally applicable to the second Motion.

[3]     It appears that the Court's December 29, 2020 Order was returned as undeliverable with the notations: "Return to Sender, Refused, Unable to Forward."  Doc. 6 at 21.  However, there is some ambiguity about this return.  The undeliverable return was docketed in its entirety in this case.  Doc. 6.  In addition to the Order and forms sent to Tolliver, the return also include a few pages of documents related to Robert Lee Rollins, III—who is not affiliated with this case—which are stamped as filed on January 13, 2021.  Doc. 6 at 17–20.  In addition, the return address on the envelope included with the return is from this Court's Savannah Division, rather than the Brunswick Division.  Id. at 21.  Thus, the Court cannot conclude with certainty the Court's December 29, 2020 Order was actually returned to the Court as undeliverable.  Ultimately, whether the Order was returned as undeliverable is immaterial.  Plaintiff was released from the Bureau of Prisons' custody on December 30, 2020, and has failed to provide the Court with any update in his address, as required.  https://www.bop.gov/inmateloc/, search for 27728-018, "Korneal Tolliver" (last visited Jan. 22, 2021).  Furthermore, even if the Order in this case has not been returned as undeliverable, Plaintiff has not complied with the deadline set forth in the December 29, 2020 Order, which provides another reason for recommending dismissal of Plaintiff's Complaint.

I.      **Dismissal for Failure to Follow This Court's Order and Local Rules**

A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket.  Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[4] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice."  Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem.

---

[4]      In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  Nonetheless, in the case at hand, the Court advised Plaintiff his failure to update his address would result in the dismissal of his cause of action.  Doc. 3.

Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute § 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying or seeking an extension of time to comply with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

With Plaintiff having failed to follow this Court's Order and Local Rules or otherwise notify the Court, in writing, of any change in his address, the Court has no means of communicating with Plaintiff and cannot move forward with this case. Moreover, Plaintiff was given notice of the consequences of his failure to follow the Court's Order, and Plaintiff has not made any effort to do so. Thus, the Court should **DISMISS without prejudice** Plaintiff's Complaint, as amended, docs.1, 4, for failure to follow this Court's Orders and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## II.     **Leave to Appeal** *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's Order, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, as amended, docs. 1, 4, for failure to follow this Court's Order and Local Rules and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*. I **DENY as moot** Plaintiff's Motions for Leave to Proceed *in Forma Pauperis* in this Court. Docs. 2, 5.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

      **SO ORDERED** and **REPORTED and RECOMMENDED**, this 22nd day of January,

2021.

                                        BENJAMIN W. CHEESBRO
                                        UNITED STATES MAGISTRATE JUDGE
                                        SOUTHERN DISTRICT OF GEORGIA